UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

OPERA MOORE,                        |
                                    |
        Petitioner,                 |        Civil No. 5:15-106-JMH
                                    |
v.                                  |
                                    |        **MEMORANDUM OPINION**
FRANCISCO QUINTANA, Warden,         |            **AND ORDER**
                                    |
        Respondent.                 |

****   ****   ****   ****

Petitioner Opera Moore is in custody of the Bureau of Prisons ("BOP") and is currently confined in the Federal Medical Center located in Lexington, Kentucky ("FMC-Lexington"). Moore has filed a *pro se* motion for immediate release from custody, claiming that his continued incarceration is a violation of his Eighth Amendment rights. [D.E. 1]. In this motion, Moore challenges the BOP's decision denying his request for early release from custody under its Reduction in Sentence ("RIS") program, codified at 18 U.S.C. § 3582(c)(1)(A)(ii) and 4205(g). [D.E. 1]. For administrative purposes, the Clerk of the Court has properly classified Moore's motion as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Id.*

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x

544, 545 (6th Cir. 2011).  It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).  The Court evaluates Moore's motion/petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts Moore's factual allegations as true, and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In the present § 2241 habeas petition, Moore claims that he has met all of the prerequisites under the BOP's RIS program, also known as the BOP's Compassionate Release Program, but that the BOP has denied his request for early release under this program and that such denial violates his Eighth Amendment rights.

## BACKGROUND

Opera Moore was convicted in August of 1996 in the Eastern District of Missouri and is serving a 300-month sentence.  He has been incarcerated for approximately twenty (20) years.[1]  As grounds

---

[1]**Error! Main Document Only.**Per the BOP's website, Moore is age 75, and his projected release date is October 21, 2018.  *See* www.bop.gov/inmateloc/19575044 *(last checked July 20, 2015).*

for his request for early release from custody, he states that he suffers from a plethora of acute, chronic, and painful medical conditions.

Moore submitted a request to the Warden for Compassionate Release or RIS because he was an elderly inmate with medical conditions. The Warden concluded that he met the requirements for such release and forwarded his request to the BOP's Central Office for further review. [D.E. 1-1, Page ID# 7]. On March 25, 2015, the BOP acknowledged that Moore had numerous medical conditions[2], but determined that a RIS was not appropriate for Moore at this time and denied his request for a reduction in sentence pursuant to 18 U.S.C. §3582(c)(1)(A) and PS 5050.49, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C.§ 3582(c)(1)(a) and 4205(g), Section 4(b) ("Elderly Inmates with Medical Conditions"). [D.E. 1-1, Page ID## 6 and 8].

---

[2]Moore suffers from severe peripheral vascular disease (narrowing and hardening of the arteries to the extremities), pulmonary fibrosis (scarring of lung tissue), chronic airway obstruction, hypertension, rheumatoid arthritis, and chronic pain. He uses an electric wheelchair to ambulate. He experiences significant ischemic pain (pain related to a reduced blood supply) and is on a chronic pain management regimen. He suffers from multiple co-morbid medical conditions, but his condition is not terminal at this time. [D.E. 1-1, Page ID# 8].

## DISCUSSION/ANALYSIS

The BOP may seek the reduction of a prisoner's sentence in federal court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The statute states, "The court may not modify a term of imprisonment once it has been imposed except that ... the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment ..." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

The Sixth Circuit has determined that a federal court lacks jurisdiction to review a decision by the BOP not to seek a compassionate release for an inmate under § 3582(c)(1)(A). *Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir.2011*); see also Engle v. United States*, 26 F. App'x 394, 397 (6th Cir.2001) ("The district court lacked jurisdiction to *sua sponte* grant compassionate release. A district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons."). Other circuits have made the same determination. *See Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir.1991); *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir.1990); *Turner v. United States Parole Comm'n*, 810 F.2d 612, 615 (7th Cir.1987).

Consistent with the foregoing precedent, in *Justice v. Sepanek*, No. 12-CV-74-HRW, 2013 WL 954115 (E.D. Ky. March 11,

4

2013), this Court held that a prisoner is free to initiate the compassionate release process, but the Court lacks jurisdiction to order such relief in a § 2241 proceeding.  See *Caudill v. Hickey*, No. 12-CV-7-KKC, 2012 WL 2524234, at *2 (E.D. Ky. June 29, 2011) (holding that compassionate release must be requested in and ordered by the sentencing court); *Srivastava v. United States*, No. 5:10-HC-2260-D, 2011 WL 3291823, at *2 (E.D.N.C. Aug. 1, 2011) (finding that habeas petition seeking release because of allegedly inadequate medical treatment was not cognizable under § 2241).

The Court is not unsympathetic to Moore's plight and his present health condition.  However, this Court simply does not have jurisdiction to reverse the BOP's decision not to move for a reduction of Moore's sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Opera Moore's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, [D.E. 1] is **DENIED.**

2.  The Court will enter an appropriate Judgment with this Memorandum Opinion and Order.

3.  This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

5

This the 23rd day of July, 2015.

 Signed By:

_Joseph M. Hood_

Senior U.S. District Judge